IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MITCHELL DARNELL EADS, | ) |
| | ) |
|    Plaintiff, | ) |
| | )    No. 1:24-cv-01076-JDB-tmp |
| v. | ) |
| | ) |
| FRANK STRADA, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

ORDER DISMISSING CASE WITH PREJUDICE,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND STRIKE
RECOMMENDATION,
AND
CLOSING CASE

On January 31, 2024, the Plaintiff, Mitchell Darnell Eads, Tennessee Department of Correction prisoner number 00243729, who is incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1) and a motion for leave to proceed in forma pauperis ("IFP") (D.E. 2) in the United States District Court for the Middle District of Tennessee. On April 2, 2024, the Middle District granted leave to proceed IFP; assessed the $350 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915; and transferred the matter to this Court for further proceedings. (D.E. 6.)

On January 15, 2026, the Court screened the complaint pursuant to the PLRA and dismissed Eads's claims for failure to state a claim for relief. (D.E. 9 (the "Screening Order").) The Court granted leave to amend the claims dismissed without prejudice within twenty-one days

of the entry date of the Screening Order. The order warned Plaintiff that, if he "fail[ed] to file an amended complaint within the time specified . . ., the Court [would] dismiss the case with prejudice and enter judgment." (*Id.* at PageID 16.) The deadline to submit amended claims expired on Thursday, February 5, 2026. Eads has not submitted an amended complaint and has not sought an extension of time to do so.

Accordingly, the Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order. Further, the Court RECOMMENDS that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Plaintiff would not be taken in good faith. If he nevertheless chooses to file a notice of appeal, Eads must either pay the entire $605 appellate filing fee or submit a new IFP affidavit and, if incarcerated, a current certified copy of his inmate trust account statement for the last six months in compliance with §§ 1915(a)-(b).

The Clerk is DIRECTED to enter judgment.

IT IS SO ORDERED this 12th day of February 2026.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE